IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 02-CR-131 |
| | : | |
| KHALIL ABDUL HAKIM | : | |

**ORDER-MEMORANDUM**

**AND NOW**, this 18th day of December, 2008, upon consideration of Khalil Abdul Hakim's ("Hakim") "Motion for Modification of Fines and Restitution" (Docket No. 145), **IT IS HEREBY ORDERED** that the Motion is **GRANTED** and Hakim's Judgment and Commitment Order dated September 30, 2002 is **AMENDED** as follows:

1. The specific instructions regarding the payment of criminal monetary penalties on page 6, paragraph E, are stricken;

2. The following specific instructions regarding the payment of criminal monetary penalties shall be added to page 6, paragraph E:

   The defendant shall make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program and provide a minimum payment of $25.00 per quarter towards restitution. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and shall be due in monthly payments of not less than $250.00 per month to commence 30 days after release from imprisonment to a term of supervision. The defendant shall notify the United States Attorney

> for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unchanged.

I. BACKGROUND

On June 6, 2002, Hakim was convicted by a jury of one count of conspiracy to commit armed robbery in violation of 18 U.S.C. § 371; one count of armed bank robbery in violation of 18 U.S.C. § 2113(d); one count of using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(d)(1); and one count of using, carrying, and brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); arising out of the November 28, 2001 armed robbery by two men of the PNC Bank branch located at Main and Hamilton Streets in Norristown, Pennsylvania. On September 30, 2002, Hakim was sentenced to 136 months imprisonment, five years of supervised release, restitution in the amount of $14,698.00 and a special assessment of $400.00. Hakim's Judgment and Commitment Order includes the following special instructions regarding the payment of restitution:

> The defendant shall make restitution payments in accordance with the Bureau of Prisons Financial Responsibility Program from any wages he may earn while in prison. Any amount of the restitution that remains unpaid at the time of the defendant's release from imprisonment shall become a condition of supervision and can be paid at a rate of not less than $250.00 per month over the period of supervision. The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

(Judgment and Commitment Order at 6.)

II. DISCUSSION

Hakim contends that we committed plain error by delegating to the Bureau of Prisons the determination of the amount and schedule of restitution payments he is required to make while incarcerated. Since Hakim challenges the execution of his sentence, we treat his claim for relief as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) ("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."); see also Costigan v. Yost, No. 08-2180, 2008 WL 5062365, at *1 (3d Cir. Dec. 2, 2008) ("Because Costigan's challenge goes directly to execution of the sentence (i.e., whether the BOP has authority to set the terms of the payment of the special assessment), the claim falls squarely within those properly raised in a petition for habeas corpus under § 2241." (citing Coady, 251 F.3d at 485)). Hakim contends that the restitution portion of his Judgment and Commitment Order violates the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, *et seq.* ("MVRA").

The MVRA requires "district courts to order restitution for certain crimes . . . ." United States v. Corley, 500 F.3d 210, 224 (3d Cir. 2007). Pursuant to the MVRA, the district courts must calculate the amount of restitution the defendant is required to pay, and specify the manner and schedule of payments:

> Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of--
>
> (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
>
> (B) projected earnings and other income of the defendant; and

> (C) any financial obligations of the defendant; including obligations to dependents.

18 U.S.C. § 3664(f)(2). The United States Court of Appeals for the Third Circuit has held that, pursuant to the plain language of the MVRA, the district court's obligation to specify the manner and schedule of payments cannot be delegated. Corley, 500 F.3d at 225. Consequently, the MVRA "contradicts and thus overrides, the federal regulations permitting the Bureau of Prisons to make payment schedules for restitution through the [Inmate Financial Responsibility Program]." Id. (internal quotation omitted). We find, accordingly, that the portion of Hakim's Judgment and Conviction Order that delegated to the Bureau of Prisons the task of determining the manner and schedule of Hakim's restitution payments violates the MVRA, 18 U.S.C. § 3664(f)(2). See id. The portion of the Judgment and Commitment Order that specifies the instructions for Hakim's payment of restitution is, consequently, stricken. The Judgment and Commitment Order is further amended to provide that Hakim will make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program and make a minimum payment of $25.00 per quarter towards restitution.

BY THE COURT:

/s/ John R. Padova

________________________

John R. Padova, J.